**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SCOTT DAVID STAYMATE,** : | |
| : | Case No. 2:15-CV-02744 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| **COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

**I.     INTRODUCTION**

This matter is before the Court for consideration of Plaintiff's Objections to the Magistrate Judge's April 5, 2016 **Report and Recommendation** (Doc. 28), recommending that the Court overrule Plaintiff's Statement of Errors. (Doc. 28 at 7.) Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**.

**II.     BACKGROUND**

Plaintiff Scott David Staymate first applied for disability insurance benefits and supplemental security income in June 2005. Those claims were denied in October 2005 and upon reconsideration in July 2006. Plaintiff filed no appeal. Afterwards, Plaintiff filed an application for supplemental security income in March 2007, which was denied by an Administrative Law Judge ("ALJ") on September 22, 2009.

Plaintiff filed his current application for supplemental security income on January 13, 2010, alleging that he became disabled on July 1, 2005. Plaintiff's claim was denied initially and

upon reconsideration. Plaintiff requested review of that decision and the Appeals Council granted review, vacated the ALJ's decision, and remanded for further review. Following a second hearing on January 30, 2014, another ALJ denied benefits on March 6, 2014, finding that Plaintiff was not disabled. In his opinion, the ALJ conducted the required five-step sequential analysis for a disability-benefits claim. *See* 20 C.F.R § 404.1520.[1] At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 13, 2010, his application date. At step two, the ALJ found that Plaintiff had a number of severe impairments, including bilateral osteoarthritis of the knees, status-post anterior cruciate ligament (ACL) repair of the right knee, obesity, bipolar disorder, passive aggressive personality, generalized anxiety disorder, and personality disorder. At step three, the ALJ determined that

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled....
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled....
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled....
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled....
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled....

20 C.F.R. § 404.1520(a)(4).

2

Plaintiff did not have an impairment or combination of impairments that met the severity of those listed in 20 CFR Part 404, Subpart 1, Appendix 1. Before proceeding to step four,[2] the ALJ determined that claimant's residual functional capacity ("RFC") allows him to perform work that "requires a light level of physical exertion; requires no more than occasional climbing and kneeling; avoids concentrated exposure to hazards of moving plant machinery and unprotected heights; involves no more than occasional contact with supervisors and coworkers and no contact with the general public; and work should involve working more with things as opposed to people." (Doc. 18-2 at 17.) Pursuant to this finding, the ALJ found that Plaintiff was unable to perform any past relevant work under step four. However, at step five, the ALJ determined that Plaintiff would be capable of performing light work as a solderer, packing line worker, or bottling line attendant.

Following this decision, the Appeals Council denied review on May 27, 2015, adopting the ALJ's ruling as the Commissioner's final decision. Plaintiff filed this action in the United States District Court for the Southern District of Ohio, alleging in his Statement of Errors that the ALJ erred by: (1) improperly assigning weight to specific portions of the opinion of the consultative examiner, David Bousquet; (2) failing to develop the record; (3) failing to support his finding of improvement by substantial evidence; (4) failing to analyze the Listing of Impairments sufficiently; (5) failing to acknowledge the conflict between the vocational testimony and the Dictionary of Occupational Titles ("DOT"); and (6) improperly shifting the burden of proof to Plaintiff at step five of the sequential analysis. (Doc. 28 at 7.) On April 5, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that the

---

[2] "Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps." 20 C.F.R. § 404.1520(a)(4); *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 28 n.3 (6th Cir. 2009).

3

Plaintiff's Statement of Errors be overruled in its entirety and that judgment be entered in favor of the Commissioner.

Plaintiff objected to the Report and Recommendation. The details of those objections follow in the analysis below.

### III. STANDARD OF REVIEW

Upon objection, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). Moreover, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Univ. Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

Additionally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). The "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## IV. ANALYSIS

In Plaintiff's Specific Objections to the Magistrate's Report and Recommendation, he raises the following issues: (1) Mr. Bousquet's opinion, as Consulting Examiner, deserves more weight than the ALJ gave it; (2) the ALJ failed to consider conflicting record evidence; (3) the ALJ improperly shifted the burden of proof at step five of the analysis; and (4) the ALJ failed to develop the record. (Doc. 30 at 4-17).

### A. Weight of Mr. Bousquet's Opinion

Plaintiff contends that even if substantial evidence would otherwise support the decision, "reversal is required because the agency failed to follow its own procedural regulation." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In particular, he alleges that the ALJ did not adequately evaluate the opinion of Plaintiff's treating source, Mr. Bousquet. (Doc. 30 at 5.) The treating source rule "requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Particularly, an ALJ "must give the opinion of a treating

5

source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(c)(2)).[3] Contrary to Plaintiff's assertion, however, the treating physician rule applies only to *treating* sources, not to consulting examiners like Mr. Bousquet. (Doc. 30 at 5.) Here, Mr. Bousquet qualifies as a non-treating source because he is a "medical source who has examined [Plaintiff] but does not have, or did not have, an ongoing treatment relationship" with him. 20 C.F.R § 416.902. As the ALJ recounted, Plaintiff had a single consultative examination with Mr. Bousquet in September 2013. (Doc. 18-2 at 20.) At the examination, Plaintiff reported that he was seeking disability benefits due to his bipolar disorder. *Id*. If the relationship with the acceptable medical source is based "solely on [the] need to obtain a report in support of [a] claim of disability," the medical source will be considered a non-treating source. 20 C.F.R § 416.902. As such, the Magistrate Judge was correct in finding that "Mr. Bousquet was not a treating source and had no long-standing relationship with Plaintiff." (Doc. 28 at 10.)

Because Mr. Bousquet was not a treating source, his opinion was not entitled to controlling weight. Even when there is no treating source that is deemed controlling, however, the ALJ must still "weigh medical opinions based on the nature of the treatment relationships, the specialization of the medical sources, and the consistency and supportability of the opinions." *Porter v. Comm'r of Soc. Sec.*, 634 F. App'x 585, 586 (6th Cir. 2016) (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013)). This is the standard by which the ALJ is required to weigh the opinions of consulting examiners.

---

[3] 20 C.F.R § 404.1527(c) concerns disability insurance and is the functional equivalent of 20 C.F.R. § 416.927(c), the regulations at issue here pertaining to claimant's supplemental security income.

Plaintiff's claim that the ALJ rejected Mr. Bousquet's finding of marked limitation ignores that the ALJ justified his decision to give less weight to this finding because it was based on Plaintiff's self-reporting of his symptoms and was not supported by other objective evidence. (Doc. 18-2 at 21.) Although other evidence in the record supported Mr. Bousquet's finding of marked limitation, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772. There is evidence in the record to support the ALJ's finding that Mr. Bousquet's marked-limitation finding was entitled to less weight.

### B. Duty to Resolve Conflicts

Plaintiff next argues that the ALJ failed to resolve a conflict between testimony provided by the vocational expert and the DOT. (Doc. 30 at 9-10.) When there is an "apparent" conflict between the testimony of a vocational expert and the DOT, the ALJ must obtain a reasonable explanation for the conflict before relying on the expert's evidence. *See* Social Security Ruling 00–4p (December 4, 2000): Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions (SSR 00–4p). However, SSR 00—4p does not address what an ALJ must do when the conflict is not apparent. *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). As a general matter, under SSR 00—4p, the ALJ does not have an affirmative duty to conduct an independent investigation into the testimony of witnesses to determine if they are accurate. *Id.* Thus, when the alleged conflict is not brought to the attention of the ALJ, the ALJ does not have a duty to explain how any apparent conflict was resolved. *Id.*

The Magistrate Judge correctly concluded that because the alleged inconsistencies were not pointed out at the hearing, the ALJ was permitted to rely on the expert's testimony. (Doc. 28

7

at 12.) Further, as the Commissioner's Memorandum in Opposition points out, Plaintiff has not alleged that the testimony that he could perform the bottling attendant job is in conflict with the DOT. (Doc. 24 at 13.) As a result, this job alone is enough to support a finding that Plaintiff can perform substantial gainful activity. (Doc. 28 at 12.) *See Martin*, 170 F. App'x 369 at 374 ("Furthermore, even if the two positions about which there were inconsistencies had been excluded, the ALJ still could have reasonably found that [the plaintiff] could perform the third position of assembler.").

      **C.**      **Burden of Proof at Step Five**

Plaintiff also argues that the ALJ failed to shift the burden of proof to the Social Security Administration at step five of the sequential evaluation. (Doc. 30 at 12.) However, the record plainly indicates that the ALJ did in fact properly shift the burden of proof in order to reach his conclusion. In particular, the ALJ noted that the "Social Security administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience." (Doc. 18-2 at 14.) (citing 20 C.F.R. § 416.912(g) and 20 C.F.R. § 416.960(c)). In keeping with this requirement, the ALJ asked the vocational expert whether there were jobs in the national economy that Plaintiff could perform given the criteria above. (Doc. 18-2 at 23.) The vocational expert then testified that Plaintiff could perform work as either a solderer, packing line worker, or bottling line attendant, and that this work existed in significant numbers in the national economy. *Id.* Having elicited this information at the hearing, the ALJ was entitled to rely upon this evidence to determine that the Plaintiff was not disabled. The record simply does not bear out Plaintiff's contention that the ALJ failed to shift the burden of proof.

8

### D. Failure to Develop the Record

Next, Plaintiff claims that the ALJ failed to develop the record and that the Magistrate Judge erred in describing the record relied upon by the ALJ as "well-developed." (Doc. 30 at 10.) In particular, Plaintiff contends that his attempts at hospitalization and reasons for military discharge were ignored. *Id.*

As a general matter, the "claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir. 2003) (citing 20 C.F.R. § 404.1512(a)). As a result, "only under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir*, 58 F. App'x at 115. Here, none of these issues are applicable. Thus, if Plaintiff truly believed his attempts at hospitalization and military discharge were relevant in his application for benefits, he had the burden of proving so. *Id.* ("This standard gives an ALJ a 'zone of choice' in which he may go either way, without being second-guessed by federal courts.") (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The ALJ properly weighed the relevant medical evidence, discounting certain portions of Mr. Bousquet's opinion because it was based on Plaintiff's subjective reporting and did not incorporate evidence of improvement, to find that Plaintiff is capable of the limited range of work identified by the vocational expert. (Doc. 18-2 at 20-22.) For these reasons, the ALJ did not fail to develop the record.

## V. CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (Doc. 28.) Plaintiff's Objections are **OVERRULED**. The Clerk is directed to enter Judgment in favor of Defendant Commissioner.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　s/ Algenon L. Marbley
　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**DATED:  June 17, 2016**