IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCOTT DAVID STAYMATE, : | |
| : | Case No. 2:15-CV-02744 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff Scott David Staymate's Motion to Remand. (Doc. 33.) The Commissioner opposes the motion. (Doc. 35.) Because the Court has already entered final judgment in this case, the Court will construe this motion as a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e).

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). A judgment also may be altered or amended when necessary "to prevent manifest injustice." *GenCorp.*, 178 F.3d at 834. A motion under Rule 59(e), however, is not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio Mar. 15, 2006).

On June 17, 2016, the Court issued an opinion adopting the Magistrate Judge's Report and Recommendation and overruling Plaintiff's objection to the finding of the Administrative Law Judge ("ALJ") that he was not disabled.  (Doc. 31.)  In his motion to remand, Plaintiff contends that his mental and physical health have deteriorated further and attaches a letter from his mother corroborating this assertion.  (*See* Doc. 33-1.)  Plaintiff does not point to any error of law or intervening change in the controlling law.  To the extent he seeks to present the letter from his mother as newly discovered evidence, he offers no explanation why the information contained in the letter was not previously available to him.

Finally, even if Plaintiff seeks remand under 42 U.S.C. 405(g), sentence six so that the ALJ can consider the letter from his mother, Plaintiff could not show that this evidence was new and material and that he had good cause for his failure to incorporate the evidence into the record during the administrative hearing.  *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 102 (1991).  As discussed above, Plaintiff has not offered any explanation for why the evidence was not previously available or why he failed to submit it into the record before the ALJ.

For these reasons, Plaintiff's Motion to Remand is **DENIED**.  (Doc. 33.)

**IT IS SO ORDERED.**

      s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  August 10, 2016**